J. S21035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                      :             PENNSYLVANIA

                 v.                        :

                                                       :

WILLIAM MOUNT,                     :            No. 761 EDA 2017

                                                      :

                       Appellant      :

Appeal from the Judgment of Sentence, September 29, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004411-2014

BEFORE: STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 19, 2019**

William Mount appeals from the September 29, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; possession of a controlled substance; possession of drug paraphernalia; and possession of a small amount of marijuana.[1] The trial court imposed a sentence of 11½ to 23 months' incarceration with immediate parole and 4 years' reporting probation on the possession with the intent to deliver conviction and no further penalty on the remaining convictions. We affirm.

The trial court set forth the following factual history:

---

[1] 35 P.S. §§ 780-113(a)(30), (16), (32), and (31), respectively.

On February 11, 2014, a report was filed by the victim of a robbery stating that William Mount Jr.[2] had taken from the victim a Samsung Galaxy cellular phone and SEPTA TransPass at 58th Street and Woodland Avenue in the city and county of Philadelphia. The victim identified William Mount, Jr. as the perpetrator having known Mount, Jr. from school and from an alleged previous robbery. On February 15, 2014, at approximately 6:05 p.m., detectives from the Southwest Detectives Division of the Philadelphia Police Department executed a search warrant on 5944 Cobbs Creek Parkway in connection to the February 11[,] 2014 robbery. Upon entrance, officers determined that only one female friend of the suspect's father, [appellant], was present in the home.

Detectives began to search the home and entered the basement area of 5944 Cobbs Creek Parkway. In the middle of the basement, officers encountered a windowless room with one single locked door that appeared to be recently constructed. The room was constructed with sheetrock and had both a heating and ventilation system. The design of this particular room is consistent with others that are used for the exclusive purpose of growing marijuana. The detectives gained entry into the room and discovered a large quantity of marijuana which then prompted a call for officers from the Narcotics Field Unit.

Responding officers from the Narcotics Field Unit arrived to 5944 Cobbs Creek Parkway and began to inventory the contents of the windowless room in the basement. Within this room, officers from the Narcotics Field Unit catalogued: six freezer bags filled with approximately one pound each of marijuana; one trash bag filled with loose marijuana; one postal letter addressed to William Mount; one large clear bag that contained multiple smaller unused bags that are consistently used for the packaging of narcotics; one

---

[2] We note that appellant is William Mount, Sr. The alleged robbery suspect, who was the subject of the search warrant, was William Mount, Jr., appellant's son.

> scale with a power plug; one box, with a shipping label addressed to 428 West Wayne Avenue, containing drug paraphernalia, marijuana and a white digital scale; one handheld scale; and high powered lights consistent with marijuana growing operations. The Narcotics Field Unit, in total, recovered 8.8 pounds of marijuana with an approximate street value of between $39,000 and $78,000 dependent upon the quantities in which the marijuana is sold.
>
> As officers from the Narcotics Field Unit prepared to leave 5944 Cobbs Creek Parkway, [appellant] arrived at the location. [Appellant] identified himself to Officer Burgess of the Narcotics Field Unit and agreed to answer questions posed by the officer. [Appellant] denied any knowledge of the windowless room in the basement despite having stated he lived there for approximately one to [two] years. Officer Burgess stated to [appellant] that the room had been recently constructed and [appellant] continued to deny any knowledge of the room altogether. Officer Burgess then placed [appellant] under arrest because he found the story of [appellant] not credible.

Trial court opinion, 8/16/17 at 1-3 (citations to notes of testimony omitted).

The record reflects that following appellant's sentencing, appellant filed a timely post-sentence motion on October 8, 2016. This motion was denied by operation of law on February 8, 2017. **See** Pa.R.Crim.P. 720(B)(3)(a). On February 18, 2017, appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:[3]

> Whether the trial court erred in finding that the Commonwealth produced sufficient evidence to prove beyond a reasonable doubt that [a]ppellant constructively possessed the marijuana and marijuana paraphernalia found in the locked room in the basement of a home in which multiple people lived or were present at the time of the search[?]

Appellant's brief at 4.

Appellant claims that the Commonwealth failed to present sufficient evidence to establish constructive possession of the controlled substance – marijuana – and of drug paraphernalia beyond a reasonable doubt to support appellant's convictions.  (**Id.** at 10.)  Specifically, appellant argues:

> Notably, the room in the basement was locked and the police never found the key.  Had something connected [appellant] to that basement room such as the key or mail which was definitively addressed to him, the evidence may have been sufficient.  But here, the Commonwealth showed only that he shared a house which was found to have marijuana and other grow equipment in the basement.  The Commonwealth did not even establish that [appellant] had access to the marijuana because the room was locked and he did not have the key.

**Id.** at 13 (citation omitted).

---

[3] We note that after filing the Rule 1925(b) statement, appellant's counsel, Mark A. Hinrichs, Esq., accepted new employment and on October 27, 2017, filed a petition to withdraw with this court.  In a **per curiam** order dated December 5, 2017, this court granted counsel's request to withdraw and directed the trial court to determine appellant's eligibility for court-appointed counsel and appoint new counsel, if required.  On August 16, 2018, Zak Goldstein, Esq., was appointed new counsel and subsequently filed a brief on behalf of appellant.

Our standard and scope of review for a sufficiency of the evidence claim

is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa.Super. 2004)

(citation omitted).

"'[I]n narcotics possession cases, the Commonwealth may meet its

burden by showing actual, constructive, or joint constructive possession of the

contraband.'" *Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa.Super.

2016), *appeal denied*, 145 A.3d 725 (Pa. 2016); quoting *Commonwealth

v. Vargas*, 108 A.3d 858, 868 (Pa.Super. 2014) (*en banc*), *appeal denied*,

121 A.3d 496 (Pa. 2015). When the contraband is not found on the appellant,

the Commonwealth must establish that appellant had constructive possession of the seized items to support the conviction. *See Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Roberts*, 133 A.3d at 767-768, quoting *Brown*, 48 A.2d at 430.

Here, appellant argues that the Commonwealth failed to show that the letter and the box label were "definitely addressed to" appellant. (Appellant's brief at 13.) It is, however, the totality of the circumstances that the trier-of-fact must consider to determine if constructive possession existed. *See Roberts*, 133 A.3d at 768.

The trial court found that "[t]he presence of [appellant's] mail in the room make[s] it likely that [appellant] had access to [the room] and had the power to exercise control over its contents." (Trial court opinion, 8/16/17 at 6.) The trial transcript reflects that the narcotics detective testified that appellant's name was on both the letter and the label on the box containing the marijuana and drug paraphernalia and the items were found in the locked

room in the basement of appellant's house, as reflected on the police property receipts. (Notes of testimony, 7/18/16 at 19-20, 27; *see also* Commonwealth Exhibits C-2 and C-3.) Appellant testified that he was aware of the room in his basement and that the room existed prior to the other residents moving into the house. (Notes of testimony, 7/18/16 at 38-39, 42-43.) Appellant claimed, however, that he did not know the contents of the room but offered no explanation as to how or why his mail was found in the room. (*Id.* at 38-46.) Additionally, appellant was responsible for the electric bill, and the cost of the power to operate the large high-powered lamps used in the "grow house" would have been reflected in those bills. (*Id.* at 41-42.)

Based upon the totality of the circumstances, it was more likely than not that appellant constructively possessed the marijuana and drug paraphernalia found in the locked room in his basement. *See Commonwealth v. Walker*, 874 A.2d 667 (Pa.Super. 2005) (holding that the presence of mail with defendant's name on it in a room that also contained drugs and drug paraphernalia established constructive possession). Therefore, in viewing all of the evidence and the inferences drawn from that evidence in the light most favorable to the Commonwealth, as the verdict winner, there was sufficient evidence for the trial court, as trier-of-fact, to find that appellant possessed marijuana with the intent to deliver and that he possessed drug paraphernalia.

Judgment of sentence affirmed.

J. S21035/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/19